**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| **PATRICK FISHER,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BAE SYSTEMS, INC.,** ) | **Case No.** _____ |
| **2941 Fairview Park Dr.** ) | |
| **Falls Church, VA 22042,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| Serve registered agent: ) | |
| ) | |
| **CT Corporation System,** ) | |
| **4701 Cox Rd., Ste. 285** ) | |
| **Glen Allen, VA 23060** ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**CIVIL COMPLAINT FOR EQUITABLE
AND MONETARY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Patrick Fisher, by and through undersigned counsel, files this Complaint and demand for jury trial against BAE Systems, Inc. ("BAE") for retaliation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-428 ("MWHL"). Plaintiff also seeks unpaid wages under the MWHL and under the FLSA.

**JURISDICTION AND VENUE**

1.     This Court has personal jurisdiction over Defendant because it has substantial and deliberate contacts with and conduct business in the State of Maryland.

2.     This Court has subject matter jurisdiction over the claims presented in the first cause of action herein pursuant to the FLSA, a law of the United States regulating interstate

1

commerce, and specifically under the provisions of 29 U.S.C. § 215.

3. This Court has supplemental jurisdiction over the Maryland Wage Payment and Collection Act, Md. Code Lab. & Empl. §§ 3-501 *et seq*.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant does business in this district and because it regularly and/or systematically conducts affairs or business activities at its various locations in the State of Maryland.

## PARTIES

5. Plaintiff is a resident of Lexington Park, Maryland, and worked as an engineering technician for BAE at Naval Air Station Patuxent River at 17221 Webster Field Rd., St. Inigoes MD 20684, from in or around 2019 until his illegal termination on or about November 22, 2022.

6. Defendant BAE Systems, Inc. is a Delaware corporation and has its headquarters at 2941 Fairview Park Dr. Ste. 100, Falls Church, VA 22042. It maintains a business presence at Naval Air Station Patuxent River at 17221 Webster Field Rd., St. Inigoes, MD 20684.

## FACTUAL ALLEGATIONS

7. BAE hired Fisher in 2019 as an SCA contractor, Electronics Technician Maintenance II, on BAE's N004210D0003 contract with the Naval Air Warfare Center (DOD - Navy - NAVAIR). At the time of Fisher's termination BAE paid Fisher an hourly wage of $35.64 as an SCA contractor, Engineering Technician IV.

8. Fisher was responsible for installing and testing identification friend or foe (IFF) equipment on United States and NATO military ships as a level four engineering technician.

9. Fisher billed his hourly work on BAE's N004210D0003 contract, and the Navy then compensated BAE for the number of hours Fisher billed as hours worked on the Navy contract.

10. Fisher worked on three occasions on Navy ships that were underway, as certain

tasks, such as weapon testing, could not be performed while the ship was harbored.

11.     Mike Smith, Project Supervisor, told Fisher in or about 2020 that for every full 24-hour day he worked on an underway ship, Fisher could bill 12 hours: eight hours of regular time and four hours of overtime. Each time Fisher worked on underway ships in 2020, he billed according to this rate regardless of how many hours in excess of 12 per days that he actually worked. BAE then compensated Fisher for 12 hours of work regardless of how many hours in excess of 12 per day that he actually worked.

12.     In or about May 2022, Johnny Smythe, a BAE project manager, asked Fisher to perform work for BAE on a Navy ship that was scheduled to be underway between five and seven days.

13.     Fisher asked Smythe if his time on this underway ship would continue to be billed at a rate of 12 hours per day regardless of how many hours in excess of 12 per day that he actually worked, and Smythe responded that Fisher would have to bill less than 12 hours for each day spent on the underway ship. Fisher then declined to accept because he would not be compensated all of the hours that he actually worked.

14.     BAE assignments were optional, and supervisors asked if employees were available to go on trips. It was not unusual for contractors like Fisher to decline work trips, especially if they conflicted with approved paid time off (PTO).

15.     After Fisher declined the work trip, Mike Getty, Fisher's second level supervisor, asked Fisher what it would take for him to go on the work trip. Fisher responded that he would need to be compensated for at least 12 hours of the work for each day he performed each day on the underway ship.

16.     Thereafter Fisher began to inquire into whether BAE was in compliance with

Maryland's wage and hour laws. Fisher concluded after reviewing the Maryland Department of Labor's website that BAE was obligated to compensate him for the entire time he spent at a jobsite he could not leave, such as an underway ship. Accordingly, Fisher understood that if he spent 24 hours on an underway vessel, he was entitled to receive compensation for all 24 hours.

17.     In or about May 2022 Fisher began to ask BAE supervisors, managers, legal counsel, and human resources about BAE's definition of work and how it determined he could be compensated for work on underway ships.

18.     Fisher initially raised these questions to Smythe, who was unable to provide clarity.

19.     Thereafter, in or about October 2022, Fisher raised questions about the definition of work with Richard Sexton, BAE's senior legal counsel for labor and employment.

20.     Between October 2022 and November 2022, Fisher exchanged several emails with Sexton challenging BAE's interpretation of the FLSA, Maryland's wage and hour laws, and BAE's definition of work and asserting that he was entitled to regular and overtime compensation under same. Fisher also requested that Sexton provide a copy of the N004210D0003 contract; however, Sexton refused to provide the contract and instead told Fisher he could submit a Freedom of Information Act request for same.

21.     In the same time frame Fisher requested to take December 16, 2022, December 22, 2022, and December 23, 2022, as vacation days, and BAE approved his request.

22.     In or about November 2022 BAE instructed Fisher to report to a jobsite in Newport News, Virginia between November 28, 2022, and December 23, 2022. Fisher responded by advising BAE that the assignment conflicted with his previously approved vacation days and so he declined the assignment.

23.     On or about November 18, 2022, BAE issued Fisher a warning letter purportedly for declining the assignment even though it had already approved his vacation dates that conflicted with the trip, and on or about November 22, 2022, BAE terminated Fisher.

24.     BAE pretextually claimed that it was purportedly terminating Fisher for declining the assignment even though it had already approved his vacation dates that conflicted with the trip, but, in reality, BAE terminated Fisher for challenging its interpretation of the FLSA and Maryland's wage and hour laws and for asserting that he was entitled to regular and overtime compensation under same.

25.     Fisher has sustained economic damages and mental anguish as the result of BAE's illegal actions, and he will continue to sustain damages into the future.

## COUNT I
### Fair Labor Standards Act of 1938
### 29 U.S.C. § 201 *et seq.*
### (Retaliation)

26.     Plaintiff hereby incorporate all allegations set forth in all the forgoing paragraphs as though fully alleged herein.

27.     Plaintiff is an "employee" and Defendant is an "employer" as those terms are defined in § 203 of the FLSA.

28.     The FLSA prohibits an employer from discharging or in any other manner retaliating against an employee because the employee "filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA, "or has testified or is about to testify in any such proceeding…" 29 U.S.C. § 215.

29.     Plaintiff's good faith complaint to BAE management is specifically related to the FLSA and as such was protected conduct.

5

30.     Plaintiff had an objectively reasonable belief that BAE failed- and/or refused to pay Plaintiff properly for all hours worked.

31.     Wherefore Plaintiff seeks judgment against Defendant with an award of interest and costs.

## COUNT II
### Maryland Wage and Hour Law
### Md. Code, Lab. & Empl. § 3-428
### (Retaliation)

32.     Plaintiff hereby incorporate all allegations set forth in all the forgoing paragraphs as though fully alleged herein.

33.     Plaintiff is an "employee" and Defendant is an "employer" as those terms are defined in the MWHL.

34.     The MWHL prohibits an employer from discharging or in any other manner retaliating against an employee because take adverse action against an employee because the employee makes a complaint that the employee has not been paid in accordance with the MWHL. Md. Code, Lab. & Empl. § 3-428.

35.     Plaintiff's good faith complaint to BAE management is specifically related to the FLSA and as such was protected conduct.

36.     Plaintiff had an objectively reasonable belief that BAE failed and/or refused to pay Plaintiff properly for all hours worked.

37.     Wherefore Plaintiff seeks judgment against Defendant with an award of interest and costs.

**COUNT III**
**Maryland Wage and Hour Law**
**Md. Code, Lab. & Empl. §3-401 *et seq*.**
**(Failure to Pay Wages)**

38.     Plaintiff hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

39.     Defendants failed to compensate Plaintiffs according to the minimum wage and overtime requirements set forth in the MWHL.

40.     Defendant willfully and/or intentionally failed and/or refused to pay to the Plaintiff the proper wages owed to him under MWHL.

41.     As a result of Defendant's unlawful conduct, Plaintiff suffered a loss of wages, and thus Defendant is liable to Plaintiff under the MWHL for his economic damages including but not limited to such wages, liquidated damages, and the costs of the action, including costs or fees of any nature, and reasonable attorney's fees.

**COUNT IV**
**Fair Labor Standards Act of 1938 (FLSA)**
**29 U.S.C. § 201, *et seq*.**
**(Failure to Pay Wages)**

42.     Plaintiff hereby incorporates all allegations set forth in all the foregoing paragraphs as though fully alleged herein.

43.     Defendant is an "employer" as that term is defined in the FLSA.

44.     Plaintiff was Defendants' employee within the meaning of the FLSA.

45.     Defendants failed to compensate Plaintiffs according to the minimum wage and overtime requirements set forth in the FLSA.

46.     Defendants' actions were taken with willful disregard for Plaintiff's rights, and as a result Defendant is liable to Plaintiff for his economic damages including but not limited to

such wages, liquidated damages, and the costs of the action, including costs or fees of any nature, and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Patrick Fisher respectfully requests that the Court enter judgment in his favor and award legal and equitable relief, including but not limited to:

    a.  Reinstatement;

    b.  Economic damages, including front and back pay;

    c.  Liquidated damages;

    d.  Compensatory and punitive damages;

    e.  Reasonable attorneys' fees and costs; and

    f.  Any other relief this Court may deem just and equitable.

## JURY DEMAND

Plaintiff Patrick Fisher demands a trial by jury for all issues proper to be so tried.

Respectfully submitted,


/s/ Nicholas Woodfield
R. Scott Oswald, MD Bar 25391
Nicholas Woodfield, MD Bar 15474
The Employment Law Group, P.C.
1717 K St. NW, Suite 1110
Washington, DC 20006-5345
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com