**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| PATRICK FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:23-cv-00225-AAQ |
| | ) | |
| v. | ) | |
| | ) | |
| BAE SYSTEMS TECHNOLOGY SOLUTIONS | ) | |
| & SERVICES INC. | ) | |
| | ) | |
| Defendant | ) | |

### BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES INC.'S OBJECTION TO JURY INSTRUCTION REGARDING PRETEXT

BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES INC. ("BAE Systems" or "Defendant"), by its undersigned counsel, submits this objection to the jury instruction regarding Pretext at ECF No. 108 at 5-6.

The following language in the Pretext instruction was proposed by Plaintiff:

Mr. Fisher can show that the employer's explanation is unworthy of credence by highlighting weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions. Close temporal proximity between a plaintiff's protected activity and the adverse action taken against them, and failure to abide by regular procedures, are probative of pretext.

ECF No. 96-1 at 2-3. The legal authority cited for this instruction is *Stennis v. Bowie State Univ.*, No. PX 16-CV-1362, 2019 WL 1507777, at *10 (D. Md. Apr. 5, 2019), a summary judgement opinion.

In response to the proposed Pretext instruction, Defendants submitted the following objection:

Defendant also notes its objection to Plaintiff's subsequent revisions to Defendant's Instruction No. 17. Plaintiff's proposed revisions include numerous snippets from summary judgment decisions regarding potential

> pretext arguments and, in so doing, moves the 11th Circuit pattern
> instruction from neutral to biased, and provides the jury with a confusing
> laundry list of "what ifs."

ECF No. 101 at 1.

The Court's November 7, 2025 Order adopted Plaintiff's proposed language noted above.

ECF No. 108 at 5-6.

Defendant respectfully renews its objections with respect to the temporal proximity

language in the jury instruction regarding pretext and requests that the Court modify the

language in the Pretext instruction as outlined in Exhibit 1.[1]

Specifically, the statement that "close temporal proximity between a plaintiff's protected

activity and the adverse action taken against them, and failure to abide by regular procedures, are

probative of pretext" is a statement from *Stennis v. Bowie State Univ.*, No. PX 16-CV-1362,

2019 WL 1507777, at *10 (D. Md. Apr. 5, 2019).  Defendant has not located any Fourth Circuit

case using language that implies a mandatory rather than permissive consideration of temporal

proximity as evidence of alleged pretext.  Even the *Stennis* decision goes on to discuss that a jury

"may consider the temporal proximity" as evidence of retaliation.  *Id.* at *12.  And the Fourth

Circuit case cited by *Stennis*, *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 295-299

(4th Cir. 2010), is not a retaliation case applying a "but for" causation standard and does not

discuss the issue of temporal proximity as a result.

Additionally, the specific reference to "temporal proximity" in the jury instruction is not

a complete and accurate statement of the law regarding pretext.  The instruction suggests to the

jury that it may find pretext on the basis of temporal proximity alone which is incorrect as a

matter of law.  It is well established by the Fourth Circuit that temporal proximity alone is

insufficient to establish pretext.  *Staley v. Gruenberg,* 575 F. App'x 153, 156 (4th Cir. 2014)

---

[1] Defendant does not waive any other previously stated objections as outlined in ECF No. 101.

("Although [plaintiff's] non-conversion occurred shortly after she filed the formal EEOC complaint, temporal proximity alone is not sufficient to establish that her engagement in protected activity was a "but for" cause of her non-conversion.") (citing *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir.) (holding that " '[b]ut for' causation ... cannot be established by temporal proximity alone"), *cert. denied*, 568 U.S. 817, 133 S.Ct. 136, 184 L.Ed.2d 29 (2012)); *Morgan v. Wells Fargo Bank, Nat. Ass'n*, 585 F. App'x 152, 153 (4th Cir. 2014) ("Although Morgan's termination occurred shortly after she informed Wells Fargo that she suffered from alcoholism, the record indicates that Wells Fargo decided to terminate her employment before she revealed her alcoholism. Moreover, temporal proximity alone is not sufficient to establish that her alcoholism was a 'but for' cause of her termination.") (citing . *Dugan v. Albemarle Cnty. Sch. Bd.*, 293 F.3d 716, 722 (4th Cir. 2002)); *see also Parker v. Children's Nat'l Med. Ctr., Inc.*, No. 24-1207, 2025 WL 1540954, at *6, n. 3 (4th Cir. May 30, 2025).  This limitation on temporal proximity to establish pretext is consistently applied by this Court.  *See, e.g., Harris v. Wormuth,* 669 F. Supp. 3d 477, 502 (D. Md. 2023) (Bredar, J.) ("…temporal proximity alone is not sufficient to establish that [a plaintiff's] engagement in protected activity was a 'but for' cause" of his adverse employment action.") (granting defendant's Rule 59 motion for new trial where "the jury's conclusion that Plaintiff's EEO complaint was the but-for cause of his termination was against the clear weight of the evidence"); *Clem v. Maryland,* No. CV ADC-21-1633, 2022 WL 14912707, at *6 (D. Md. Oct. 26, 2022) ("Plaintiff also stresses, as proof of pretext, that her termination occurred less than two days after she engaged in a protected activity. While this temporal proximity is sufficient to establish a prima facie causal connection it cannot, standing alone, show that Defendant's non-retaliatory reason for separating Plaintiff from employment is mere pretext."); *Dziwulski v.*

*Mayor & City Council of Baltimore*, No. DLB-18-277, 2020 WL 1034539, at *11 (D. Md. Mar. 3, 2020) ("While temporal proximity of events may establish a prima facie case for retaliation, "temporal proximity alone does not rebut [a defendant's] legitimate, and uncontested, ground of termination.") (citations omitted).

The current instruction which affirmatively offers that temporal proximity *is* probative of pretext without any explanation of that limitation presents a substantial risk that the jury may misapply the well-settled law in this Circuit and in this Court.  A jury decision that found pretext on temporal proximity alone would be inconsistent with Fourth Circuit precedent.  Accordingly, supported by the Fourth Circuit authority cited herein, Defendant requests that the Court modify the jury instruction regarding Pretext as outlined in Exhibit 1.

Dated: December 11, 2025        Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Raymond C. Baldwin
Raymond C. Baldwin, Esq. # 25449
Christine M. Costantino, Esq. # 28582

SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(202) 828-3583
(202) 828-5393 (facsimile)
rbaldwin@seyfarth.com
ccostantino@seyfarth.com

*Attorneys for Defendant BAE Systems Technology Solutions & Services Inc.*

322394100v.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the foregoing proposed jury instructions, was filed and served via ECF, this 11th day of December 2025, upon:


R. Scott Oswald
The Employment Law Group, P.C.
1717 K Street NW, Suite 1110
Washington, DC 20006-5345
nwoodfield@employmentlawgroup.com
soswald@employmentlawgroup.com



<u>/s/ Raymond Baldwin</u>
Raymond Baldwin

*Counsel for Defendant*

322394100v.1