# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND GREENBELT DIVISION

| | |
|---|---|
| **PATRICK FISHER,** | |
| **Plaintiff,** | **Civil Action No. 8:23-cv-00225-AAQ** |
| **v.** | |
| **BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC.,** | |
| **Defendant.** | |

## PLAINTIFF'S OBJECTIONS AND PROPOSED MODIFICATIONS TO JURY INSTRUCTIONS

Plaintiff Patrick Fisher ("Plaintiff" or "Fisher") hereby files his objections and proposed modifications to the Court's jury instructions as outlined in its December 7, 2025, Order. Please find attached to this filing a redline of Plaintiff's proposed edits (Exhibit 1) as well as a clean copy (Exhibit 2).

**FLSA Retaliation**:

1.  Fisher objects to the inclusions of a "fourth element" in the jury instruction as to FLSA Retaliation regarding damages and a "proximate cause" inquiry. Plaintiff was unable to locate a case within the Fourth Circuit that requires such an element. Rather, the Fourth Circuit requires only that the plaintiff have engaged in protected activity and the employer undertook an adverse action because of the plaintiff's protected activity. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008); *Mould v. NJG Food Serv. Inc.*, 37 F. Supp. 3d 762, 778 (D. Md. 2014); *Fisher v. BAE Sys. Tech. Sols. & Servs. Inc.*, No. 8:23-CV-00225-AAQ, 2024 WL 3455003, at *5 (D.

Md. July 17, 2024); *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 746 (D.

Md. 2010); *Yearick v. Kimball Constr. Co.*, No. CV ELH-23-2540, 2023 WL

8829243, at *5 (D. Md. Dec. 21, 2023); *Johnson, et al., v. Helion Techs., Inc., et. al*,

No. CV DKC 18-3276, 2021 WL 3856239, at *19 (D. Md. Aug. 27, 2021), *adhered to*

*on denial of reconsideration sub nom. Johnson v. Helion Techs., Inc.*, No. CV DKC

18-3276, 2021 WL 4750182 (D. Md. Oct. 12, 2021); *Haynes v. S. Carolina Waste*

*LLC*, 633 F. Supp. 3d 769, 786 (D.S.C. 2022); *Harris v. Blue Ridge Health Servs.,*

*Inc.*, 388 F. Supp. 3d 633, 639 (M.D.N.C. 2019); *Dalton v. Omnicare, Inc.*, 138 F.

Supp. 3d 709, 723 (N.D.W. Va. 2015). Accordingly, Plaintiff objects to the inclusion

of such an element and subsequent proximate cause test on both the jury instructions

and verdict sheet.

2. Plaintiff further objects to the inclusion of the statement phrase: "Instead, you must

   find in Defendant's favor. Under the Fair Labor Standards Act, Plaintiff bears the

   ultimate burden of proving retaliation. In other words, the Defendant is not required

   to prove that it did not retaliate. Instead, Plaintiff bears the burden to prove that he

   would not have been fired if he did not engage in protected activity." Such a phrase is

   repetitive both of the instruction as a whole, in which each element states that "Mr.

   Fisher must prove…" but is further repetitive of Jury Instruction Number 7, which

   states that "Plaintiff Patrick Fisher has the burden in a civil action, such as this, to

   prove every essential element of his claim by a preponderance of the evidence. If

   plaintiff should fail to establish any essential element of plaintiff's claim by a

   preponderance of the evidence, you should find for defendant BAE Systems

   Technology Solutions & Services Inc. as to that claim."

3.  Plaintiff objects to the inclusion of the language: "But an employer may terminate an employee's employment for any other reason, good or bad, fair or unfair. If you believe Defendant's reasons for its decision, and you find Defendant did not make the decision because of Plaintiff's protected activity, you must not second guess that decision, and you must not substitute your own judgment for Defendant's judgment — even if you do not agree with it." First, such language is duplicative of the Business Judgment Rule Instruction for which the Court has indicated it will read separately. "Repetitious and unnecessarily long charges are confusing to a jury and prevent it from properly exercising its function." *United States v. Salliey*, 360 F.2d 699, 702 (4th Cir. 1966). The inclusion of the same instruction several times over places prejudicial emphasis on such instruction and will confuse the jury as to the relative weight of the phrase itself. Plaintiff further objects to this phrase being read to the jury, whether in the Court's intended Business Judgment Rule Instruction or in the FLSA retaliation instruction, because it is improper under the Supreme Court's landmark decision of *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). The pretext inquiry requires the jury to determine whether BAE's reasons are "unworthy of credence." *Reeves*, 530 U.S. at 147. The jury *must* evaluate the rationality of BAE's justification for signs or evidence that it is not the actual reason for Fisher's termination. Therefore, any instruction to the contrary is improper.

4.  Plaintiff proposes that the language as to his protected activity be uniform throughout the instruction. Specifically, Plaintiff's protected activity is defined as both that "he raised questions about whether or not he should be paid additional wages while underway on a ship" as well as "raised questions about whether or not he should be

3

paid additional wages while underway on a ship and the payment of overtime wages" in the instruction. Plaintiff's proposed modification uniforms such language.

**Pretext:** As discussed with the Court on December 11, 2025, Plaintiff has proposed language indicating that one extreme variation from policies is sufficient to "be pretextual," specifically that "the jury could reasonably have questioned whether firing [Plaintiff] for one infraction that did not require termination was such an extreme overreaction as to be pretextual." *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 728 (4th Cir. 2019) (internal quotations omitted) (quoting *Kempcke v. Monsanto Co.*, 132 F.3d 442, 447 (8th Cir. 1998)).

**Business Judgment Rule:** As indicated *supra*, Plaintiff objects to the inclusion of an instruction on the Business Judgment Rule because it is improper under the Supreme Court's landmark decision of *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). The pretext inquiry requires the jury to determine whether BAE's reasons are "unworthy of credence." *Reeves*, 530 U.S. at 147. The jury *must* evaluate the rationality of BAE's justification for signs or evidence that it is not the actual reason for Fisher's termination. Therefore, any instruction to the contrary is improper.

Dated: December 12, 2025                    Respectfully submitted,


                                            /s/ R. Scott Oswald
                                            R. Scott Oswald, #25391
                                            Briana L. Scholar, *pro hac vice*
                                            Ethan McSweeny, *pro hac vice*
                                            THE EMPLOYMENT LAW GROUP, P.C.
                                            1717 K St. NW, Suite 1110
                                            Washington, D.C. 20006
                                            (202) 261-2812
                                            (202) 261-2835 (facsimile)
                                            soswald@employmentlawgroup.com
                                            bscholar@employmentlawgroup.com
                                            emcsweeny@employmentlawgroup.com

*Counsel for Plaintiff*


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 12, 2025, the foregoing was served via the

Court's electronic filing system PACER upon the following:

> Raymond C. Baldwin, Esq.
> Christine M. Costantino, Esq.
> SEYFARTH SHAW LLP
> 975 F Street, N.W.
> Washington, DC 20004
> rbaldwin@seyfarth.com
> ccostantino@seyfarth.com
> (202) 463-2400 (telephone)
> (202) 828-5393 (facsimile)
> *Attorneys for Defendant BAE Systems Technology*
> *Solutions & Services Inc.*


/s/ *R. Scott Oswald*
R. Scott Oswald